# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-00764-NAB |
| | ) |
| ZACHARY DRISKILL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Pierre Watson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $37.92. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court-provided form.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $189.62. The Court will therefore assess an initial partial filing fee of $37.92, which is 20 percent of plaintiff's average monthly deposit.

## The Complaint

At the time relevant to this complaint, plaintiff was a federal inmate housed at the Crawford County Jail, in Steelville, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names the following persons as defendants: Lieutenant Zachary Driskill; Sergeant Jessica Hanner; Corporal Diane Manley; Correctional Officer Kevin Brown; inmate John Hendrichs; Correctional Officer Mathew Unknown; Nurse Tammy Unknown; and Unknown Institution Doctor. All defendants are sued in their individual capacities. Plaintiff's complaint is not on a Court-provided form.

Plaintiff alleges numerous violations of his constitutional rights. He states that he was placed on lockdown due to a "fabricated" violation of institutional rules. As a result of this, he was removed from his housing unit "C" and placed in housing unit "B." He states that his cell in housing unit "B" was next to an inmate with whom he had had an altercation. Plaintiff states that he asked to be moved away from this inmate. Further, he requested a disciplinary hearing to dispute the charges that caused him to be placed into lockdown in the first place. Plaintiff states that he was denied a disciplinary hearing. He also states that his grievances and grievance appeals were denied.

On June 27, 2017, plaintiff states he was assaulted by the inmate with whom he had had an earlier altercation. During the assault, plaintiff received blows to his head. He was taken to medical and treated for bruised ribs, a bloody nose, and head trauma. On that same day, he was placed on ten-days lockdown for the altercation.

Plaintiff alleges that a lump arose on his head as a result of the assault he endured. He states that he filled out sick call forms but was not immediately seen by the nurse. When he was seen by medical, he received only ibuprofen. Eventually, he saw a doctor; however, the doctor only prescribed more ibuprofen and refused to order an x-ray or MRI, and refused to recommend that plaintiff be seen at an outside hospital.

Plaintiff is seeking $250,000 for being placed on lockdown, $250,000 for being refused his request to move to a different housing unit, which led to his assault, and $50,000 in punitive damages from each individual defendant.

**Discussion**

Plaintiff filed this complaint on May 16, 2018. The complaint is not on a Court-provided form. On July 16, 2018, plaintiff filed a motion to amend his complaint to correct the names and job titles of certain defendants. (Docket No. 8). Plaintiff did not provide a copy of an amended complaint with his motion. The Court does not allow amendments to pleadings by supplementation or interlineation. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding "that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate"). Therefore, plaintiff's motion to amend by interlineation is denied.

However, since plaintiff did not file his complaint on the Court-provided form, the Court will order plaintiff to submit an amended complaint on a Court-provided form within thirty days

of the date of this order. *See* E.D. Mo. L.R. 45-2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms…If an action is not filed on a Court-provided form, the Court…may order the pro se plaintiff or petitioner to file the action on a Court-provided form"). In submitting his amended complaint, plaintiff will be able to provide the correct names and job titles of the defendants.

Plaintiff should type or neatly print the amended complaint. The amended complaint must be on the Court-provided form that will be provided to plaintiff. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must assert only claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name one single defendant and bring as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff should put each claim into a separate numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than

one defendant, he should follow the same procedure for each defendant. In other words, for each particular defendant, plaintiff must separately write the defendant's name and then, under that name, provide a short and plain statement of the factual allegations against that defendant. The Court emphasizes that the "Statement of Claim" requires more than "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Moreover, plaintiff seems reasonably able to assert his own interests in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $37.92 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 5) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint by interlineation (Docket No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the original complaint (Docket No. 1) that was filed with this Court.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days from the date of this order.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice**.

Dated this 27th day of July, 2018.

                                                 /s/ Nannette A. Baker
                                               NANNETTE A. BAKER
                                               UNITED STATES MAGISTRATE JUDGE