## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-764-NAB |
| ) | |
| ZACHARY DRISKILL, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On January 13, 2020, the Court directed the Clerk of Court to issue process on defendants Zachary Driskill, Jessica Hanner, and Diane Manley in their individual capacities as to plaintiff's claim of failure to protect. (Docket No. 36). Defendants were served at their place of employment. Summons was returned executed as to defendant Driskill on January 31, 2020. (Docket No. 43). Driskill subsequently filed an answer. (Docket No. 48). The summonses for defendants Manley and Hanner, however, were returned unexecuted, with the notation that they were no longer employed by Crawford County. (Docket Nos. 44-47).

On March 5, 2020, the Court directed Driskill's counsel to provide the last known addresses of defendants Manley and Hanner under seal. (Docket No. 53). Counsel complied with this order. (Docket No. 54). Thereafter, on March 13, 2020, the Court directed the Clerk of Court to issue process on defendants Manley and Hanner at the addresses provided by counsel. (Docket No. 55). The Court further ordered that the summonses and the return of summonses be filed under seal.

On August 12, 2020, the United States Marshals Service (USMS) served defendant Hanner. (Docket No. 73). Defendant Hanner has since filed an answer. (Docket No. 74). The summons

for defendant Manley, though, was returned unexecuted, with the notation that the address appeared uninhabited. (Docket No. 72).

In cases where a pro se litigant is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). As such, a litigant proceeding in forma pauperis is entitled to rely on service by the United States Marshals Service. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Once an in forma pauperis plaintiff has taken reasonable steps to identify the defendants, the court must issue plaintiff's process to the USMS, who must then effectuate service. *Id*. However, it is plaintiff's responsibility to provide the information necessary for service on the defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (affirming dismissal of defendants for whom plaintiff did not "provide proper addresses for service"). *See also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

Here, plaintiff initially provided the address of defendant Manley's employer. The Court directed the USMS to issue process on Manley at that location. The USMS attempted to effectuate summons there, but was advised that defendant Manley is no longer employed by Crawford County. Next, the Court directed defendant Driskill's counsel to provide a last known address for defendant Manley. The Court then directed the USMS to issue process on defendant Manley at that address. Again, summons was returned unexecuted because defendant Manley was not at that location.

As noted above, an in forma pauperis litigant is entitled to rely on service by the USMS. To that end, the USMS has attempted to serve defendant Manley at two different locations. Both times have been unsuccessful. Plaintiff bears the responsibility of providing adequate information

so that defendant Manley can be served. If plaintiff cannot provide **additional** information regarding defendant Manley to effectuate service, this defendant will be dismissed from this action without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff will be given thirty days to comply. Failure to comply will also result in the dismissal of defendant Manley without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that within **thirty (30) days** of the date of this order, plaintiff shall provide adequate information with which to serve defendant Diane Manley.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely provide adequate information as to defendant Diane Manley will result in her dismissal from this case without prejudice.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of August, 2020.